18824. NORTHINGTON *v.* CANDLER, Commissioner, etc., *et al.*

HAWKINS, Justice. Walter A. Northington, Jr., a resident of DeKalb County, Georgia, filed a petition in DeKalb Superior Court on August 23, 1954, in which he prayed for a mandamus absolute against Scott Candler, as Commissioner of Roads and Revenues of DeKalb County, which would require the commissioner to remove a barricade from across Mabry Road and thereafter keep the entire length of Mabry Road open to normal traffic.

The petition alleged: that the defendant had been duly elected and qualified as Commissioner of Roads and Revenues; and that by law he is required to maintain the roads of DeKalb County, Georgia, in such condition as to permit the flow of traffic thereon; that Mabry Road is a public road in DeKalb County, Georgia, approximately one and one-third miles in length, about forty feet wide, and runs from East Brookhaven Drive in a westerly direction to House Road; that on or about January 15, 1951, the defendant caused a barricade to be erected across Mabry Road just west of the intersection of Mabry Road and Wimberly Road; that the defendant commissioner did not comply with the laws of Georgia in closing said road; that on or about March, 1954, demand had been made upon the defendant to remove the barricade; that the defendant had failed and refused to do so; that the closing of the road prevented the use of Mabry Road between Wimberly and House Roads, and had caused heavy traffic from the Lynwood Park District to flow down Wimberly Road, Osborne Road, and Kendrick Road, which traffic

had theretofore been more equally distributed between House Road, Mabry Road, Osborne Road, and Wimberly Road; and that such abnormally heavy traffic constituted a serious danger to children playing in the Wimberly Road area, and a continuing danger of traffic accidents on Osborne Road and Kendrick Road.

The defendant commissioner admitted that he was the duly elected and qualified commissioner; that as such he had a duty to maintain the roads of DeKalb County in such condition as to permit the flow of traffic thereon, and that Mabry Road was a public road. He admitted that he had caused the barricade to be set across Mabry Road, and that demand had been made upon him to remove the barricade. He neither admitted nor denied the allegation concerning danger to children ànd traffic conditions, but by way of defense alleged that, upon the opening of Wimberly Road, he in his considered judgment had determined that there was no longer a public necessity for the continued use of Mabry Road; and that, in order to conserve maintenance and upkeep costs, he closed that part of Mabry Road between House Road and Wimberly Way. The defendant further alleged that the road had been closed with the consent and approval of neighboring property owners; and that, because of the non-use of Mabry Road for more than three years, the petitioner was estopped from complaining of the closing of the road, and was therefore not entitled to have the barricade removed and have the road reopened.

On September 27, 1954, Mrs. Jack J. Wallen intervened on behalf of herself and others alleged to be similarly situated and interested in maintaining the status quo with reference to Mabry Road being closed. She adopted the allegations of the answer of the defendant commissioner and denied the creation of any traffic hazard. She further alleged that the road had been closed by agreement of interested property owners whereby Wimberly Road would be laid out and opened. By amendment she alleged that she remodeled her house at a cost of approximately $2,500, and that she would not have done so had she not believed the road to have been lawfully closed.

At the hearing counsel for the defendant commissioner offered no evidence, stating that the commissioner rested on his answer and was ready to comply with such order as might be entered by the court.

The commissioner, called as a witness by the petitioner, testified that he had long been familiar with Mabry Road as a public road; that he had caused the barricade to be erected some time in 1950; that he had not complied with the statutory method provided for closing a road; that he had not given written notice of his intention to close the road, although he had discussed the matter with numerous people in the vicinity; and that he had searched his official records and could find neither correspondence nor an entry on the minutes as to any action on his part relating to the closing of the road.

Mrs. Jack J. Wallen and others called on her behalf testified that they had spent large sums in constructing and improving dwellings on the unclosed part of Mabry Road, and that they would not have done so had not a portion of Mabry Road been closed; and they testified that in their opinion the value of their property would be depreciated should the road be reopened.

On October 21, 1954, the trial judge, after hearing evidence and arguments of counsel, passed an order refusing the mandamus absolute, and held that the plaintiff "is estopped by laches from demanding the relief prayed for." The exception here is to this judgment "as being contrary to law and the evidence in the case because . . . the judge abused his legal discretion in passing said order, . . . and . . . should have granted the mandamus absolute requiring the defendant to open the road as prayed." *Held:*

1. "Applications for the discontinuance of an old road, in whole or in part, shall be made to the ordinaries or other county authorities having charge of county affairs in writing, and published as provided in section 95-203, before the discontinuance shall be effective" (Code § 95-207); and "All persons, their overseers or agents, residing on land through which such road runs, except the applicants, . . . shall at the same time be notified in writing, personally or by leaving notice at their most notorious places of abode, that they may put in their claim for damages or be forever after estopped" (Code § 95-203); and "The county authorities can not lawfully discontinue a public road, either in whole or in part, except in the manner provided by law, after application, and notice and registration in the proper office." *Barham* v. *Grant,* 185 *Ga.* 601, 603 (196 S. E. 43).

2. Where, in this case, the Commissioner of Roads and Revenues of DeKalb County, who "is by law required to maintain the roads of DeKalb County, Georgia, in such a condition as to permit the flow of traffic thereon," testified that the persons seeking to have that portion of Mabry Road herein referred to closed "had not made application to him in writing, and that he did not recall any correspondence on the matter; that sometime in 1950 he had placed a barricade across the road between House and Wimberly Road, but that it had been torn down, and he had caused a larger barricade to be placed there; that approximately 160 feet of road had been closed; that he had not notified any of the residents on Mabry Road of his intention to close the road . . . that he had searched his minute book but could find no reference to the closing of the road"—the trial judge did not err in that portion of his judgment holding "that the road was not closed by the manner prescribed by law, and the court so finds"; but did err in holding "that plaintiff is estopped by laches from demanding the relief prayed for," and in refusing a mandamus absolute. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Code § 89-903. See also *Citizens Bank of Moultrie* v. *Rockdale County,* 152 *Ga.* 711 (7) (111 S. E. 434). The mere lapse of from three to four years from the time of the closing of the public road to the filing of the present application for mandamus would not preclude the right of the plaintiff to have the obstruction illegally placed therein removed, because mere non-user does not work a forfeiture of the right to the use of a public highway. *Jones* v. *Williams,* 70 *Ga.* 704. "Not even estoppel can legalize or vitalize that which the law declares unlawful and void." *Flournoy* v. *Highlands Hotel Co.,* 170 *Ga.* 467, 471 (153 S. E. 26). See also 25 Am. Jur. 628, § 332.

3. While, under Code § 64-106, mandamus will not be granted when it is

manifest that the writ would, for any cause, be nugatory or fruitless, and while this court will take judicial cognizance of the fact that the defendant in the present case is not now the Commissioner of Roads and Revenues of DeKalb County, the judgment here excepted to insofar as it denied the right of the plaintiff to have the obstruction referred to removed is, for the reasons above stated, reversed in order that he may not be estopped thereby.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED JANUARY 12, 1955—DECIDED FEBRUARY 17, 1955.

*James A. Mackay, Pauline Smiley,* for plaintiff in error.

*Julius A. McCurdy, J. Robin Harris, W. Dan Greer, Thomas O. Davis, Davis & Stringer,* contra.