23002.   HADWIN et al. v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH et al.

DUCKWORTH, Chief Justice.   In accordance with plans and specifications for the construction of a Federal highway in the

City of Savannah and in accordance with an agreement by and between the city and the State Highway Department of Georgia, a median was to be constructed along West Broad Street through the center of said highway extending through intersecting streets, allowing only intersections at named streets, one of which was possibly 31st Street, the plans therefor specifying "and/or 31st Street" as one of these intersections. Such median has been constructed and does not allow passage across 31st Street. This action was brought by certain alleged abutting property owners on West Broad Street, near 31st Street complaining of the obstruction in 31st Street and praying for mandamus absolute to require the city and highway department to remove the obstruction from said street. Demurrers were sustained to the petition as amended, and the petition dismissed, and the exception is to this judgment. *Held:*

1. Plaintiffs in error cite numerous cases involving the closing of a street or road and rely heavily upon *Northington v. Candler*, 211 Ga. 410 (86 SE2d 325), which was a mandamus case to re-open a street which was closed without following the proper legal procedure to accomplish it. Since this street was not closed but merely allowed traffic thereon to be channeled south and north on the highway (West Broad Street) until it reaches an open intersection, the cases cited are not applicable, the municipal authority having full authority under its police power to control the flow of traffic on one-way streets and to change the flow of traffic in said city.

2. The petition shows that this particular intersection under the proposed plans was to remain open, yet the city, which controls the traffic signals and flow of traffic in said city is the only one who could complain of the alleged change of plans, and since the median does not interfere with the plaintiffs' ingress and egress to their property but requires mere circuity of travel only, no cause of action is alleged. See *Dougherty County v. Hornsby*, 213 Ga. 114 (97 SE2d 300) ; *State Highway Dept. v. Strickland*, 213 Ga. 785 (102 SE2d 3). Neither Code § 69-304, referring to obstructions in streets for the purpose of private and pecuniary gain, nor the so-called "cul-de-sac" cases, cited by plaintiffs in error, apply here.

3. For the reasons stated above the lower court did not err in sustaining the demurrers and in dismissing the petition as amended.

*Judgment affirmed. All the Justices concur.*

150

*James F. Becton,* for plaintiffs in error.
*Nelson Haslam,* contra.

Argued June 14, 1965—Decided July 8, 1965.