24439. CITY OF GAINESVILLE v. LOGGINS.

ARGUED FEBRUARY 12, 1968—DECIDED MARCH 7, 1968.

*Kenyon & Gunter, William B. Gunter,* for appellant.

*Robert E. Andrews,* for appellee.

NICHOLS, Justice. The Court of Appeals applied the well settled principle of law applicable to litigation generally that the voluntary payment of a judgment renders the issue made by such litigation moot. See *Keener v. King Hardware Co.,* 215 Ga. 577 (111 SE2d 215). However, this rule is not applicable to condemnation proceedings, for if so applied any payment of the amount found to be the value of property condemned, whether by special master, or assessors, would preclude the condemnor from its right to appeal to a jury, or to the appellate courts.

In *Woodside v. City of Atlanta,* 214 Ga. 75, 80 (103 SE2d 108), it was held: "[T]he Constitution of this State emphatically declares that private property cannot be taken for a public use until the owner is first paid just and adequate com-

pensation for it. This provision of the Constitution is so paramount to any mere legislative enactment that for many years legislation respecting its operation was considered unnecessary. *Harrison v. State Highway Department,* 183 Ga. 290 (188 SE 445). This voice of the Constitution is mandatory, and it is elementary that neither the legislature nor the courts have any right to restrict, evade, or violate it in the slightest degree. The taking of private property for a public use is the exercise of a high power, and before such taking can be constitutionally accomplished all prerequisites must be complied with strictly. *Thomas v. City of Cairo,* 206 Ga. 336 (57 SE2d 192). To comply both in letter and in spirit with this constitutional. requirement, payment of just and adequate compensation to the owner must always precede the taking of his property for a public use." This language was referring to the Constitution and not to a statute.

The mandate of the Constitution is that property cannot be taken or damaged for public purposes without just and adequate compensation being first paid. The disagreement between the Justices of this court in the *Woodside* case was when the "taking or damaging" occurred, whether the filing of the declaration of taking was a "taking," and whether under the facts the Supreme Court had jurisdiction of the appeal. See *Bowers v. Fulton County,* 221 Ga. 731, 737 (146 SE2d 884).

While the right to an appeal to a jury in a condemnation case is a matter of legislative discretion and not a right guaranteed by our Constitution (see *Oliver v. Union Point & W. P. R. Co.,* 83 Ga. 257 (9 SE 1086)), yet in order for the condemnor to be entitled to appeal an otherwise valid judgment as to the value of the property condemned, the tender of payment of the amount previously determined to be the amount of just and adequate compensation is required under the *Woodside* case, supra.

The *Woodside* case was dealing with an appeal seeking a de novo trial by a jury as to just and adequate compensation, and an appeal by the condemnor to the appellate court after verdict is seeking a de novo trial before another jury as to just and adequate compensation. The right to the first de novo

jury trial is a matter of right under statutory law if the requirments of the Constitution and statutory law have been met. The right to a new trial is a right only if the requirements of the Constitution and statutory law have been met *and* some harmful error of law has occurred on the first trial. In the first instance the prior award of the assessors, or the special master, will be nullified merely by following the law, while in the latter instance, even if the appeal is properly effected, the first verdict will not be nullified unless harmful error has occurred. Thus immediately upon the effecting of the appeal in the first instance it is known that the prior award of "just and adequate compensation" by assessors, or special master, will not be final, and in fact cannot be a final determination of "just and adequate compensation," while after the first jury verdict the amount of the verdict and judgment is "just and adequate compensation" unless set aside and a new trial granted. The rationale of the *Woodside* case, supra, is that the condemnee cannot be deprived of the full enjoyment of his property by a taking after "just and adequate compensation" has been fixed without payment or tender of such amount. The presumption, after a jury verdict in excess of the award of the assessors, or the special master, is that the amount of the jury verdict is "just and adequate compensation," and it is this amount that must be then paid to the condemnee or into the registry of the court to meet the "first paid" provision of the Constitution. As was held in the *Woodside* case, supra, (p. 83): "Such tender or such payment was a condition precedent to its right of appeal to a jury; it could not at that time refuse to pay the amount awarded for the property and at the same time insist upon its right to take it." Whether the appeal is to a jury from an award by assessors, or special master, or one seeking a second jury trial, the same results must follow. The condemnor could not at that time refuse to pay the amount awarded by the jury and at the same time insist upon its right to retain the property already taken.

In *State Hwy. Dept. v. Hendrix*, 215 Ga. 821 (113 SE2d 761), it was held that it is not a prerequisite to payment into the registry of the court that a tender of such payment be refused

by the condemnee. See also *State Hwy. Dept. v. Farmers Gin Co.*, 216 Ga. 70 (114 SE2d 537), and *State Hwy. Dept. v. Taylor*, 216 Ga. 90 (115 SE2d 188). The *Hendrix* case shows on page 826 that the purpose of *Code* § 36-1111, (Ch. 36-11 of the Code deals with condemnation using assessors to first determine just and adequate compensation), is to require payment into the registry of the court so that a proper distribution can be made to all claimants of the fund. The same can be said of § 16 of the Act of 1957 (Ga. L. 1957, pp. 387, 397; *Code Ann.* § 36-616a). However, where the appeal is from a jury verdict and judgment based thereon for an amount in excess of the original award, and the judgment directs to whom the payment is to be made, then the payment or tender to the condemnee in accordance with such judgment is mandatory under the requirement of the Constitution that just and adequate compensation be first paid. Where payment is thus made to a condemnee and a timely notice of appeal filed, the payment, nothing else appearing, is not in satisfaction of a judgment making the appeal moot, but a payment made under the mandate of the Constitution so as to authorize an appeal. Accordingly, the judgment of the Court of Appeals dismissing the condemnor's appeal must be reversed.

*Judgment reversed. All the Justices concur.*