43644.   CITY OF DOUGLAS v. CARSON et al.

PANNELL, Judge. This is an appeal by the condemnor, the City of Douglas, from the overruling of a motion for new trial following a jury verdict in favor of one of the condemnees, Effie Carson, for land taken in connection with an urban renewal project. The motion was overruled on February 9, 1968, and the appeal to this court was filed in the lower court on March 8, 1968, and docketed in this court on March 29, 1968. In response to a motion to dismiss by the condemnee for failure of the condemnor to deposit in the lower court the difference between the award of a special master, which the condemnee had appealed, and the jury award, the condemnor shows without dispute by certificate of the clerk of the lower court that

on April 24, 1968, the difference was deposited, and that as of April 30, 1968, no judgment on the jury verdict of $6,500 for the appellee had been entered. *Held:*

As we construe the opinion of the Supreme Court in *City of Gainesville v. Loggins,* 224 Ga. 114 (160 SE2d 374), the payment of the jury verdict, whether or not a judgment has been rendered thereon, is a condition precedent to the filing of an appeal, and the payment of such verdict not having been made until after the appeal was docketed in this court, the appeal should be dismissed on that ground. A condition precedent can *not* be converted into a condition subsequent. Nor does the payment after the appeal is filed make the issue of dismissal a moot question. Under these circumstances, the motion to dismiss the appeal must be sustained.

*Appeal dismissed. Felton, C. J., Bell, P. J., Quillian and Whitman, JJ., concur. Eberhardt and Deen, JJ., concur specially. Jordan, P. J., and Hall, J., dissent.*

SUBMITTED MAY 8, 1968—DECIDED JUNE 18, 1968.

*Elie L. Holton,* for appellant.

*Dewey Hayes,* for appellees.

EBERHARDT, Judge, concurring specially. I concur solely because we are bound by *City of Gainesville v. Loggins,* 224 Ga. 114, supra.

JORDAN, Presiding Judge, dissenting. I do not construe *City of Gainesville v. Loggins,* 224 Ga. 114, supra, as requiring a judgment of dismissal in this case.

The record is clear that the award of the special master in the amount of $3,500 was paid into court by the condemnor pending an appeal by the condemnee to a jury trial in the superior court. Upon this trial the condemnee was awarded $6,500 as just and adequate compensation for her property, and from an order overruling its motion for a new trial the condemnor appealed to this court on March 29, 1968. Before a judgment was entered on the jury verdict in the amount of $6,500 the condemnor on April 24, 1968, paid into the registry of the court the difference between the special master's award and the amount of the jury verdict. Thus, at the time this appeal is pending in this court the full

amount of the award has been deposited in the registry of the trial court, even though no judgment has been taken against the condemnor for this amount.

The language used in *City of Gainesville v. Loggins*, supra, clearly indicates that the condemnor has met the requirements of the Constitution in this case, for as was stated on page 117, "However, where the appeal is from a jury verdict and *judgment* based thereon for an amount in excess of the original award, and the *judgment* directs to whom the payment is to be made, then the payment or tender to the condemnee in accordance with such *judgment* is mandatory under the requirement of the Constitution that just and adequate compensation be first paid." (Emphasis supplied.)

Since the full amount of the jury verdict has been paid into court and is available to the condemnee upon a judgment being entered thereon, the condemnee has incurred no possible harm and this appeal should not be dismissed.