### 48159. DECKER et al. v. HOPE et al.

PANNELL, Judge. This case arises out of joint action by Mrs. H. C. Hope, H. C. Hope, Homer Mark Hope, by and through his next friend, H. C. Hope; and Tommy Hope, by and through his next friend, H. C. Hope, against Janet Elizabeth Burnett Decker and Frances J. Pritchard as the result of a collision between an automobile being driven by Mrs. Hope, driving south on U. S. Highway 23, being a through highway, and an automobile driven by Mrs. Decker approaching the through highway from the west on Simpson Circle in Norcross, Georgia. Mrs. Decker's entry into Highway 23 was controlled by a stop sign. The contact between the two vehicles was the left front of the Hope vehicle and the right front of the Decker vehicle. Mrs. Hope sustained lacerations to her forehead which required stitches leaving scars, requiring bangs and heavy makeup on her forehead. She coughed up blood for several weeks as the result of neck injuries, and also had bruises and swelling in a cut on her knee, leaving a scar; she spent one week in the hospital and did not walk for a while because of the knee, and after returning home, she stayed in bed a few days and had headaches for a long time. Except for the scars, she was apparently recovered at the time of the trial. Tommy Clinton Hope was shaken up and spent a night in the hospital, but received no other apparent injuries. Homer Mark Hope, because of the severity of his injuries, was in the hospital off and on for various operations from the time of the collision

in September, 1967 until March 22, 1969. The jury returned verdicts in favor of Mrs. Hope and against both defendants for $10,000; in favor of H. C. Hope against both defendants for $35,000; in favor of Homer Mark Hope against both defendants for $47,500; and in favor of Tommie Clinton Hope against both defendants for the sum of $100. The defendants appeal to this court seeking reversal because of errors allegedly committed by the trial court.

1. A motion to dismiss under Section 12 of the Civil Practice Act was made and a hearing had thereon in which evidence was introduced to determine whether the defendant daughter was a nonresident of the state, rather than a resident of the state as alleged in the petition. The trial judge resolved the issues and overruled the motion. On appeal to this court the trial judge was affirmed. *Burnett v. Hope,* 124 Ga. App. 273 (183 SE2d 505). The defendant cannot again litigate that question upon the trial. Although this court on appeal affirmed on the basis that the evidence did not demand the finding in favor of movant, as if it were a motion for summary judgment, which it was not. See in this connection *Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833 (182 SE2d 693). This does not change the effect of the affirmed ruling of the trial judge, who did not treat the motion as one for summary judgment.

2. A statement signed by both defendants containing admissions against interest as to certain facts, which would authorize a finding the automobile driven by the mother-defendant's daughter was a family purpose automobile owned by the mother-defendant, upon proof it was signed by the defendants, is admissible as primary evidence of any admissions against interest therein made, and as proof of the facts admitted against interest which the jury could believe or not believe.

3. "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action." Civil Practice Act, Section 20. Although the trial judge "may order separate trials or make other orders to prevent delay or prejudice." Id. Defendant contends that the failure of the trial judge in this case to order separate trials was prejudicial to them on the theory that evidence as to the long hospital record and suffering of one of the plaintiffs, a child, unduly prejudiced the jury as to the finding for the parent plaintiffs causing excessive

verdicts. We do not find that the record sustains this contention. On the contrary, the amounts found in favor of the various parties plaintiff, to some extent, demonstrate the contrary. We find no error in the refusal of the trial judge to require separate trials.

4. The trial judge refused to give the following request to charge: "I charge you that neither a father nor mother in this state may recover for pain and suffering, personal loss or grief occasioned by any injury to their child or children. Therefore, in the cases on trial, if your verdicts were to be in favor of either Mr. or Mrs. Hope, then, and in that event, you would not be authorized to award any damages whatsoever for the personal effects upon them of the injury done to their sons, Homer Mark Hope or Tommy Hope." Assuming, without deciding, that as defendant contends, the plaintiff parents could not recover for their "personal grief and inconvenience," the charge here goes further and charges the jury that the parents could not recover for "personal loss" occasioned by an injury to their child or children. Personal loss could very easily be interpreted by the jury as personal financial loss, such as hospital and doctor bills, etc. In our opinion, the charge could very readily have been misconstrued by the jury and the trial court properly refused the request.

5. Exception is made to the refusal of the trial court to charge the following request: "I charge you that Georgia Code Annotated § 68-1620 provides that whenever any roadway has been divided into two or more clearly marked lanes for traffic a vehicle is to be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such moving can be made with safety." The trial court did charge the jury: "I charge you that Georgia Code Annotated § 68-1633 provides: That upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway unless it is passing another vehicle, the right lane is blocked, or unless the highway has more than two lanes." Under the circumstances, the charge given was more favorable to the defendant than the charge requested. The failure to give the charge requested, if error, was therefore harmless error.

6. Error is enumerated on the refusal to give the following request to charge: "I charge you that it is the law of this State that a plaintiff is precluded from recovering from a defendant if he could have avoided the defendant's negligence after he discovers it and fails to do so, or should have in the exercise of ordinary

care discovered and avoided the defendant's negligence. In this connection, I charge you that if you find that Mrs. Hope failed to avoid the negligence of the defendant, if in fact there was negligence, which either should have been discovered or was discovered and that this failure was the sole proximate cause of this collision, your verdicts would be in favor of the defendants in all cases." This charge would have been error as it would have placed an absolute duty upon the driver of the plaintiff vehicle to avoid the defendant's negligence rather than exercising ordinary care to avoid the defendant's negligence. The refusal to give this request was not error.

7. Error is assigned on the court's failure to give the following request to charge: "Where the injury to Homer Mark Hope would not have resulted from the ordinary and natural consequences of the alleged negligence of Janet Burnett alone, but was caused by the intervening act of a third party, the law will not look beyond such intervening act directly causing the injury. In the present case, if you find that Homer Mark Hope's injuries were not the ordinary and natural consequence of the alleged negligence of Janet Burnett, but, on the other hand, were caused by the intervening act of his mother, Mrs. Marie Hope, your verdict would be in favor of the defendants." The trial judge did charge the jury as follows: "Now in the case of the two boys, Homer Mark Hope, and Tommy Clinton Hope, who have brought their actions through their next friend, their father, Mr. H. C. Hope, I charge you that if these boys, these two particular plaintiffs' injuries were caused solely by the negligence of the driver of the automobile in which he was riding, that is, his mother, caused by her negligence, without any contributing negligence on the part of the defendant, then the plaintiffs would not be entitled to recover in this case. But if the negligence of the defendants and the negligence of the driver of the automobile in which the plaintiffs were riding concurred in causing the alleged injuries, that is to say, that if the negligence of the defendants in any way contributed to or partly caused such injuries, though the driver of the car in which the plaintiff—plaintiffs were riding may also have been negligent, then the plaintiffs would be entitled to recover under the law." In view of this charge as given, we do not find reversible error in the refusal to give the charge requested.

8. Error is enumerated on the court charging Paragraph (b) of Section 72 of the Uniform Act Regulating Traffic on Highways, (Ga.

L. 1953, Nov. Sess., pp. 556, 589; Code Ann. §68-1650), which provides: "When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." In the present case, the defendant was required to stop at a Stop sign before entering the highway occupied by the plaintiff vehicle, which was on the defendant's right. The charge, therefore, even if inappropriate to this circumstance, was not harmful to the defendant as she was required to stop anyway because of the Stop sign. The case of *Strong v. Palmour*, 113 Ga. App. 750 (149 SE2d 745) holding such a charge to be error, under the circumstances of that case, where, as here, there was a controlled intersection, does not require a different ruling here. In that case, the defendant was on the main highway with the *plaintiff approaching on the defendant's right and the Stop sign was on plaintiff's side.* The defendant appealed in that case. The charge was clearly error under these circumstances. The facts here are entirely different.

9. The trial judge charged the jury as follows: "Now, Gentlemen, the jury is not permitted to make an award of money by lot or chance, nor shall the jury agree in advance that each juror write down a figure representing his opinion of the amount of damages to be awarded, or no damages, if the juror so desires, and after all the figures are added and divided by the number twelve return this result as their award of damages. However, without agreeing in advance that a verdict would be determined in that manner, the jury may so total the separate figures or vote of no damages, as the case may be, of each juror, and if after adding those figures and dividing by twelve the resulting average amount of damages is then considered, and is by the jury found to be a fair and just award of damages under the evidence in the case, and under instructions of the court, such average amount of damages may be adopted as the deliberate judgment of the jurors, and made the findings of the damages." This was a correct charge of the law and not a suggestion to the jury that they violate the very instructions given. Nor was the charge error because other instructions were not given in connection therewith.

10. Any enumeration of error not herein specifically dealt with is without merit.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*
Argued May 3, 1973 — Decided September 5, 1973.

*Dennis & Fain, Dennis J. Webb,* for appellants.
*A. Ed Lane, W. Howard Fowler,* for appellees.