28480. PAULK et al. v. GEORGIA POWER COMPANY.

NICHOLS, Justice. The Court of Appeals has certified the following question to this court: "Is the payment of the amount of a jury condemnation verdict which is in excess of the prior judgment based on the appraisal by assessors, or the award of a special master, a condition precedent to the filing of a motion for new trial? In this connection see and compare: *City of Gainesville v. Loggins,* 224 Ga. 114 (160 SE2d 374); *Woodside v. City of Atlanta,* 214 Ga. 75 (103 SE2d 108); *City of Douglas v. Carson,* 118 Ga. App. 29 (162 SE2d 745)."

The *Woodside* case dealt with the necessity of payment after an award by assessors before the condemnor would be entitled to a jury trial as to value. The *City of Gainesville* case dealt with the necessity of payment of the amount of the jury verdict, when larger than the prior award, as a condition precedent to the condemnor's right of appeal to the Court of Appeals. The *City of Douglas* case dealt with the question of whether such payment was a condition precedent to the filing of an appeal after a motion for new trial had been overruled, but before judgment had been entered on the jury verdict. The broader question of whether an appeal from the judgment overruling the motion for new trial would be premature where no final judgment on the verdict had been entered, and where there was no certificate of immediate review, was not passed upon. Therefore, none of the cases cited by the Court of Appeals is directly in point.

The rationale of the *Woodside* case and the *City of Gainesville* case is that where a redetermination of the question of value is sought by the condemnor the value previously adjudicated must be paid or tendered into court as a condition precedent.

After the decision in the *Woodside* case an amendment to the Constitution was ratified by the people which authorizes the removal of the first paid provision in highway rights-of-way condemnation cases. See *State Highway Dept. v. Howard,* 119 Ga. App. 298 (167 SE2d 177).

The language in the Act of 1957 (Ga. L. 1957, pp. 387, 396; Code Ann. § 36-614a), which provides that either party has the right to move for a new trial or appeal as in other cases does not abolish the necessity, in other than highway right-of-way cases, of complying with the first paid provision of the Constitution. While the cases cited by the Court of Appeals do not expressly rule upon the question of whether a motion for new trial, after jury verdict, may be made without prior payment of the amount awarded the condemnee by the jury above the original award of assessor or special master, yet, the decisions in those cases are controlling in principle in the situation presented by the certified question. The basis of the *Woodside* case as well as the *City of Gainesville* case is that in order for the condemnor to be entitled to a redetermination of an otherwise valid adjudication as to the value of the property condemned, the tender of payment of the amount previously determined to be just and adequate compensation is required. Whether such redetermination is sought by a motion for new trial filed in the superior court, or by a notice of appeal in which review is sought by the appellate court of an alleged error of law, each seeks a de novo jury determination of value.

Accordingly, under the mandate of the Constitution, that private property can not be taken or damaged for public use without first paying just and adequate compensation to the owner, the payment of the amount of the jury verdict in excess of the prior appraisal by assessors, or special master, is a condition precedent to the condemnor seeking a second de novo jury trial. The question certified to this court by the Court of Appeals must be answered in the affirmative.

*Question answered in the affirmative. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JANUARY 14, 1974 — DECIDED FEBRUARY 7, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*Jay, Garden & Sherrell, Robert E. Sherrell, Walters & Davis, W. Emory Walters,* for appellants.

*Mixon & Mixon, Harry M. Mixon, Bennett, Pedrick & Bennett, E. Kontz Bennett, Sr.,* for appellee.