49668. CLARK et al. v. CLAYTON COUNTY.

QUILLIAN, Judge.

The appellants owned and operated a motel on U. S. 41 which at that point was a four lane highway, but was not limited access. The four lanes were divided by a median which had cross-overs at different locations. Prior

to May 15, 1972, there was a cross-over directly in front of the appellants' motel. Subsequent to that time the Department of Transportation closed the cross-over in front of the appellants' motel and opened another one approximately 370 feet north of its former location. As a result of this change in the median it is now necessary for a person travelling in a southerly direction who wishes to gain entrance to the motel to travel past it, cross over the median and return. There is no obstruction between U. S. 41 and the appellants' motel for a person travelling in a northerly direction.

The appellants brought an action against the appellee for damages which were alleged to consist of a loss of profits resulting from the change which was made in the median. The appellants alleged that the change in the median constituted an abridgment of their right of free ingress and egress to their property.

The appellee filed a motion for summary judgment which was granted. From that ruling the appellants filed this appeal. *Held:*

Under that which was held in *Hadwin v. Mayor &c. of Savannah,* 221 Ga. 148 (143 SE2d 734), the appellants in the case sub judice are not entitled to receive any damages which might have resulted from the change in the median. While it is true that the *Hadwin* case was a mandamus action, the legal principle stated therein would apply. In that case landowners brought an action to re-open a certain route to their property which had been closed as a result of the city having placed a median down the center of the street. The Supreme Court held that the placing of median did not interfere with the plaintiffs' ingress and egress to their property because it required mere circuity of travel. See *Dougherty County v. Snelling,* 132 Ga. App. 540, 544 (208 SE2d 362).

Other jurisdictions have adopted the same position in regard to this question. State Highway Commissioner v. Howard, 213 Va. 731 (195 SE2d 880); Walker v. State, 48 Wash. 2d 587 (295 P2d 328); Gene's Inc. v. City of Charlotte, 259 N. C. 118 (129 SE2d 889); Barnes v. State Highway Commission, 257 N. C. 507 (126 SE2d 732); Anno., 73 ALR2d 694.

The granting of the motion for summary judgment

was not error.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 2, 1974 —
REHEARING DENIED OCTOBER 29, 1974 — ▮▮▮▮▮▮▮

*Ross & Finch, I. J. Parkerson,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, G. Thomas Davis, Michael E. Sullivan, Assistant Attorneys General,* for appellee.