62389, 62474. CITY OF ATLANTA v. WRIGHT et al.; and vice versa.

Pope, Judge.

1. The City of Atlanta sought to condemn certain property. A condemnation action was filed and tried before a special master and then before a jury; the jury returned a verdict for the condemnee in excess of the amount which the special master had awarded. The City filed an appeal from the judgment without first having tendered payment of the additional money to satisfy the amount of the jury verdict. Appellee has moved to dismiss the appeal.

Payment of just and adequate compensation to the owner must always precede the taking of property for public use. *Woodside v. City of Atlanta,* 214 Ga. 75 (3) (103 SE2d 108) (1958). "Under the mandate of the Constitution, that private property cannot be taken or damaged for public use without first paying just and adequate compensation to the owner, the payment of the amount of a jury verdict in excess of the prior appraisal by assessors, or special master, is a condition precedent to a valid appeal from such verdict and the judgment based thereon." *City of Gainesville v. Loggins,* 224 Ga. 114 (160 SE2d 374) (1968). The fact that the City has paid the amount of the judgment subsequent to the docketing of this appeal does not satisfy this condition precedent for bringing an appeal. *City of Douglas v. Carson,* 118 Ga. App. 29 (162 SE2d 745) (1968). Since that condition was not met, the motion to dismiss is sustained. See *Housing Authority of Atlanta v. Craft,* 158 Ga. App. 670 (282 SE2d 174) (1981).

2. Appellees have filed a cross appeal in this matter asserting that the trial court incorrectly calculated the interest due to them prior to the jury verdict. They contend that the rate of interest should have been computed at 12% from the date of the award of the special master to the date of the jury verdict under the provisions of Code Ann. § 36-615a which provides: "If the amount so awarded by the special master is less than that found by the verdict of the jury, the condemning body shall be bound to pay the sum so finally adjudged, less the amount previously deposited as herein provided, plus *lawful* interest on the difference from the date of the order of the special master. . . ." (Emphasis supplied.) At the time of the entry of the special master's award the legal rate of interest was 7% per year. Code Ann. § 57-101. The court awarded 7% interest from the time of the special master's award until the effective date of Code Ann. § 57-108 (Ga. L. 1980, p. 1118, effective July 1, 1980) which changed the legal rate of interest on judgments. Thereafter, the court awarded 12% interest to the date of the jury award.

We find the trial court's assessment of 12% interest for that period of time prior to the jury verdict and entry of a final judgment was erroneous. The 12% rate of Code Ann. § 57-108 applies only to judgments; any interest accruing under Code Ann. § 36-615a for that period of time following the award of the special master until the jury verdict and entry of a final judgment is to be at the legal interest rate established by Code § 57-101, such rate being 7% per annum.

*Appeal dismissed in Case No. 62389; judgment reversed in Case No. 62474. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1981.

*Marva J. Brooks, Bernard R. Thomas,* for appellant.
*Gwenn Dorb Holland,* for appellees.