66714, 66716, 66715, 66717. DEPARTMENT OF TRANSPORTATION v. KATZ et al. (two cases); and vice versa.

CARLEY, Judge.
Pursuant to OCGA § 32-3-4 et seq. (Code Ann. § 95-2804 et seq.), the Department of Transportation (DOT) filed a proceeding in rem, condemning property owned by the condemnees which was located adjacent to an expressway service road. As provided by OCGA § 32-3-4 (Code Ann. § 95-2804), condemnees timely filed a notice of appeal. Approximately one year later, DOT filed a second proceeding in rem, condemning property owned by the condemnees which was located immediately adjacent to the property constituting the subject matter of the first condemnation action. Condemnees again timely filed a notice of appeal. The combined taking by DOT of the two parcels of property constituted a partial taking of

condemnees' tract of land.

Pursuant to a court order, the two cases were consolidated and tried before a jury. The jury returned a verdict awarding condemnees $22,833 as just and adequate compensation for the partial taking. Both parties filed motions for a new trial, and both motions were denied. In cases number 66714 and 66716, DOT appeals from the denial of its motion for a new trial and from the judgments entered on the verdicts. In cases number 66715 and 66717, condemnees cross-appeal from the denial of their motion for a new trial and from the judgments entered on the verdicts.

## Main Appeal

### Cases Number 66714, 66716

1. In two related enumerations, DOT asserts that the trial court erred in giving a certain jury charge on interference with the right of access as related to the recovery of consequential damages in a condemnation proceeding. DOT does not contend that the issue of right of access was not raised under the evidence. DOT does contend that the charge which was given on the issue is an incorrect statement of the law. We have reviewed the charge and find that, while not as clearly worded as it might have been, it is not an incorrect statement of the law. See *Dept. of Transp. v. Hardin,* 231 Ga. 359, 361 (201 SE2d 441) (1973).

It is further urged by DOT, however, that the charge is in conflict with the following charge, also given by the trial court: "I further charge you, Ladies and Gentlemen of the Jury, a property owner is not entitled as against the public to access to his land at all points in the boundary between his property and the street, if entire access has not not been cut off, and if he is offered a convenient access to his property and the improvements thereon." It is clear that this charge is a correct statement of the law. See *Theo v. Dept. of Transp.,* 160 Ga. App. 518, 520 (7) (287 SE2d 333) (1981). Furthermore, we find that the two charges as given by the trial court are in no way conflicting.

2. DOT next asserts that the trial court erred in failing to give the following requested charge: "I charge you that adjoining owners of property or operators of business on that property adjoining a street or highway have no vested interest in the traffic pattern which controlling authorities may provide for the public street from time to time. If they suffer damage when the pattern is changed it is a damage suffered by members of the general public owning property or operating businesses adjacent to a street or highway, and for which there can be no recovery." This requested charge is a correct abstract

principle of law. See *Dougherty County v. Snelling,* 132 Ga. App. 540, 543 (4) (208 SE2d 362) (1974) overruled on other grounds, *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358, 365 (227 SE2d 362) (1976). Accordingly, the question to be resolved is whether an instruction on this principle was required in the instant case.

At trial, condemnees introduced into the case the topic of a change in the traffic pattern of the adjacent service road from two-way to one-way traffic. There was no evidence, however, that this change in the traffic pattern interfered with condemnees' ingress and egress to their property, only that it made ingress and egress somewhat more circuitous. Where a change in traffic patterns "does not interfere with the [condemnees'] ingress and egress to their property but requires mere circuity of travel only, no cause of action is alleged." *Hadwin v. Mayor &c. of the City of Savannah,* 221 Ga. 148, 149 (2) (143 SE2d 734) (1965). See also *Dept. of Transp. v. Roberts,* 241 Ga. 433, 435 (246 SE2d 293) (1978); *State Hwy. Dept. v. Cantrell,* 119 Ga. App. 241, 243 (3) (166 SE2d 604) (1969); *Clark v. Clayton County,* 133 Ga. App. 171 (210 SE2d 335) (1974). " '[O]ne whose right of access from his property to an abutting highway is cut off or substantially interfered with by the vacation or closing of the road has a special property which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation.' [Cits.]" *Horton v. City of Atlanta,* 116 Ga. App. 350, 351 (157 SE2d 501) (1967). "Unless the changes [in traffic patterns] include items which amount to a taking of the property of adjacent owners, such as installing curbs which prevent access to the adjacent property, the claim of damage is common with that which might be made by the general public, and is not recoverable [in the instant proceeding]. [Cits.]" *Dougherty County v. Snelling,* supra at 544.

Accordingly, it would appear that under the above stated legal principles, compensation for the change in the traffic pattern on the road adjacent to condemnees' property was not recoverable. Compare *MARTA v. Datry,* 235 Ga. 568, 576 (220 SE2d 905) (1975), wherein it was held that "[t]he *exclusion* of vehicular traffic . . . does raise a question regarding the impairment of the [condemnees'] right of ingress and egress from their property." (Emphasis supplied.) In the instant case, it is clear that vehicular traffic was not to be excluded, and that only a change in the traffic pattern was contemplated. Condemnees assert, however, that they do not seek compensation for the personal inconvenience that the change in the

traffic pattern will cause for them as owners of the property. Instead, they assert that the lessee of the property will be inconvenienced by the change in the traffic patterns and that it is the consequent diminution in the rental value of the property for which they seek to recover. On this basis, condemnees urge that compensation for the change in traffic patterns was recoverable in the instant case and that DOT's requested charge was therefore inapplicable. The owner-lessor distinction drawn by condemnees simply is not supported by case law. See *Dougherty County v. Snelling,* supra at 543 (4), wherein compensation for a change in traffic patterns was not authorized even though the owner-condemnees asserted damage, not as the result of personal inconvenience, but because of the reduction in the amount of business "which condemnees might expect to do from the liquor store on their adjoining property or . . . the rental value of the property." Compensation as the result of the change in the traffic pattern of the adjoining road was not recoverable in the instant case. The jury should have been so instructed.

Condemnees further assert, however, that the principles contained in DOT's refused request were adequately embodied in the following instruction which was given by the court: "I further charge you that damages for mere inconvenience and circuity of travel in the access to one's property are not compensable." While this charge was certainly relevant and authorized by the evidence, *State Hwy. Dept. v. Cantrell,* supra at 244 (3), we are unable to conclude that it adequately embodied the entirety of the principles contained in DOT's requested charge on a change in traffic patterns. Absent DOT's requested charge, the jury might well have been mistakenly led to believe that condemnees were entitled to consequential damages as the mere result of the change in traffic patterns, although it realized that compensation for inconvenience and circuity of travel was not otherwise recoverable. Under the evidence in the instant case, the jury should have been instructed, pursuant to DOT's request, that the change in traffic patterns was no different from mere inconvenience and circuity of travel and was not compensable in the instant proceedings.

It cannot be said that the refusal to give DOT's requested charge did not harm DOT in that the jury was not specifically instructed that the change in traffic patterns was of no bearing whatsoever in their considerations. It was reversible error for the trial court to fail to give the requested charge. See generally *Central of Ga. R. Co. v. Goodman,* 119 Ga. 234, 237 (2) (45 SE 969) (1903).

3. DOT finally asserts as error the following jury charge given by the trial court: "And I further charge you, Ladies and Gentlemen of the jury, the jury is not permitted to make an award of money by lot

or chance, nor shall the jury agree in advance that each juror write down a figure representing his opinion of the amount of all damages to be awarded, if the juror so desires, and after all the figures are added and divided by the number 12, return this result as their award of damages. You are not permitted to do that. However, without agreeing in advance that a verdict would be determined in that manner, the jury may total up the separate figures or vote of no damages, as the case may be, of each juror, and if after adding those figures and dividing by 12, the result in average amount of damages is then considered, and is found by the jury to be a fair and just award of damages, under the evidence in this case, and under the instructions of the Court, such average amount of damages may be adopted as a deliberate judgment of the jury, and made the finding of the jury of such damages."

DOT objected to this charge on the ground that it was misleading to the jury.

The giving of this charge was held not to be error in *Decker v. Hope,* 129 Ga. App. 553 (200 SE2d 290) (1973). However, *Decker* involved a negligence action arising out of an automobile collision. In such a suit, a juror may have been authorized to issue a "vote of no damages," as provided in the charge. However, in a condemnation proceeding, the condemnee must be awarded payment of just and adequate compensation for property taken and consequential damages, if any, to the property remaining after the taking. *City of Atlanta v. Wright,* 159 Ga. App. 809 (1) (285 SE2d 250) (1981); *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601) (1968). Therefore, the above quoted charge, insofar as it allows the jury to cast a vote of "no damages" for the condemnee, is not adjusted to a condemnation case. The charge "may well confuse the jury and cause them to adopt a measure of damages which they [are not authorized to use]. [Cits.]" *State Hwy. Dept. v. Hillard,* 112 Ga. App. 498 (1) (145 SE2d 824) (1965). "Correct instructions as to the law become erroneous when they are not applicable to the evidence in the case on trial." *Rowe v. Cole,* 176 Ga. 592 (7) (168 SE 882) (1932). This charge on quotient verdicts is potentially confusing to a jury, particularly in a condemnation proceeding, and should not be given. Cf. *City of Atlanta v. West,* 123 Ga. App. 255, 258 (4) (180 SE2d 277) (1971). See also *Mercer v. Braswell,* 140 Ga. App. 624, 628 (3) (231 SE2d 431) (1976). Based on the foregoing, we find that the trial court erred in giving the above quoted jury instruction.

### Cross-Appeal

#### Cases Number 66715, 66717

4. Condemnees assert that the trial court erred in giving the

following charge: "I further charge you that damages for mere inconvenience and circuity of travel in the access to one's property are not compensable." Error is asserted on the ground that the above stated proposition of law is applicable only where the owners of the property are seeking compensation for their *own* inconvenience. As noted above condemnees assert that they are seeking compensation, not for their own personal inconvenience, but for the loss of access of their commercial property to a particular direction of traffic. As discussed in Division 2 above, we are not persuaded that such a distinction exists. It was not error to give the charge.

5. Condemnees next assert that the trial court erred in failing to give the following written request to charge: "In the estimation of value of land taken for public uses, it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated. The test in such cases is whether the land could be used for other purposes, not whether the land would be used for other purposes." See OCGA § 22-2-62 (d) (Code Ann. § 36-505). At trial, experts for both parties testified that the highest and best use for the property in question was for something other than its present use. There being evidence from which the jury would be authorized to conclude that the property had reasonable potential for a use other than for that to which it was presently being put, it was error to refuse to give this written request to charge. *Schoolcraft v. DeKalb County,* 126 Ga. App. 101 (189 SE2d 915) (1972); *State Hwy. Dept. v. Cantrell,* supra at 243 (2). Compare *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737 (1) (137 SE2d 371) (1964).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 1, 1983 —
REHEARING DENIED DECEMBER 16, 1983.

*G. Conley Ingram, Robert D. McCallum, Jr., J. Scott Jacobson, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General,* for appellant (case nos. 66714, 66716).

*John W. Gibson, Maureen Morrissey,* for appellees (case nos. 66714, 66716).