## A89A0738. CLAYTON COUNTY WATER AUTHORITY
## v. HARBIN.
### (384 SE2d 453)

BANKE, Presiding Judge.

The Clayton County Water Authority instituted condemnation proceedings pursuant to OCGA § 22-2-1 et seq. to acquire 23.6 acres of land owned by the appellee. (Certain other property in which the appellee owned an interest was also included in the original condemnation petition but has since been deleted from the proceeding.) The appellee filed an appeal to the superior court pursuant to OCGA § 22-2-80, protesting the amount of compensation awarded by the assessors, and a subsequent jury trial on the issue resulted in a verdict in his favor. The condemnor deposited the difference between the jury's award and the assessors' award into the registry of the trial court and filed a notice of appeal to this court. The appellee subsequently moved the trial court to disburse that money to him, but that motion was denied on the theory that the pending appeal acted as a supersedeas to the distribution of the funds. The initial amount awarded by the assessors has, however, been distributed to the appellee. *Held*:

1. The appellee has moved this court to dismiss the appeal, contending that the condemnor was required to pay the difference between the jury's award and the assessors' award directly to him rather than into the registry of the court in order to satisfy the "first paid" requirement of Art. I, Sec. III, Par. I (a) of the Georgia Constitution of 1983. See generally *City of Atlanta v. Wright*, 159 Ga. App. 809 (285 SE2d 250) (1981). We disagree.

In *City of Gainesville v. Loggins*, 224 Ga. 114 (160 SE2d 374) (1968), relied on by the condemnee in support of his dismissal motion, the Georgia Supreme Court stated that "[w]here the appeal is from a jury verdict and judgment based thereon for an amount in excess of the original award, and the judgment directs to whom the payment is to be made, then the payment or tender to the condemnee in accordance with such judgment is mandatory under the requirement of the Constitution that just and adequate compensation be first paid." Id. at 117. However, it is apparent from the later decision in *Paulk v. Ga. Power Co.*, 231 Ga. 721 (204 SE2d 154) (1974), that the "first paid" requirement may also be satisfied by tendering payment of the additional amount into the registry of the court. Accord *City of Douglas v. Carson*, 118 Ga. App. 29 (162 SE2d 745) (1968); *Pickens County v. Darnell*, 142 Ga. App. 281 (235 SE2d 677) (1977). The motion to dismiss is accordingly denied.

2. While the condemnor's expert witness was being cross-examined by counsel for the appellee, the following exchange occurred: "Q. [H]ow far off the flood plain does the first flood have to be under the ordinance in Henry County? A. I don't remember. I've read it, but to make that . . . . Q. Just answer my question, please sir. A. I don't know. But let me explain a little bit, please, sir. There is a subdivision being developed next door. . . ." On motion by the appellee, the court disallowed any further explanation by the witness, and the condemnor enumerates that ruling as error on appeal.

As a general rule, a witness must be given a full and adequate opportunity to explain his answer to a question. *Brown v. Wilson,* 55 Ga. App. 262 (2) (189 SE 860) (1937). However, "[t]he burden is on the party seeking reversal to show not only error, but also injury arising from the alleged error." *Ga. Power Co. v. Bishop,* 162 Ga. App. 122, 126 (290 SE2d 328) (1982). As no offer of proof was made in the present case regarding what explanation the witness would have made, we hold that this enumeration of error establishes no ground for reversal. See generally *Anderson v. Jarriel,* 224 Ga. 495 (3) (162 SE2d 322) (1968); *Hyles v. Cockrill,* 169 Ga. App. 132 (1) (312 SE2d 124) (1983).

3. The condemnor contends that the trial court erred in allowing the appellee to offer his own opinion concerning the value of his land. The appellee stated that his opinion was based on comparisons of land sales in the area and on inquiries which he had made to a real estate broker.

"Whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is a decision to be made by the trial court, and this decision will not be disturbed absent an abuse of discretion." *Getz Svcs. v. Perloe,* 173 Ga. App. 532, 536-7 (327 SE2d 761) (1985). One need not be an expert or dealer in real estate in order to give an opinion regarding its value if he "has had an opportunity for forming a correct opinion." OCGA § 24-9-66. Also, opinion testimony regarding the market value of property is not rendered inadmissible merely because it depends to some extent upon hearsay. See *Getz Svcs. v. Perloe,* supra. Applying these principles, we find no abuse of discretion by the trial court in allowing the testimony at issue. Accord *Dept. of Transp. v. McLaughlin,* 163 Ga. App. 1 (3) (292 SE2d 435) (1982); *Dept. of Transp. v. Worley,* 150 Ga. App. 768 (7) (258 SE2d 595) (1979).

4. The condemnor contends that the trial court erred in denying its motion to strike certain testimony offered by the appellee concerning the terms of a settlement offer which had been made to him. See OCGA § 24-3-37. However, we conclude that the condemnor waived this objection by failing to interpose it at the time the testimony was offered. See generally *Woodruff v. Naik,* 181 Ga. App. 70, 71 (35

SE2d 233) (1986).

5. In its final enumeration of error, the condemnor takes exception to a portion of the jury charge concerning quotient verdicts, contending that it was contradictory and misleading. The trial court charged the jury as follows: "[Y]ou cannot use any method of chance in arriving at a verdict in this case. The verdict must be based upon the deliberate judgment of each juror concurring therein. I further charge you that it is improper for you to arrive at an amount to be awarded to the condemnee in this case by a so called quotient verdict. That is by each of you first agreeing to be bound and then arriving at your verdict by having each individual juror set down the amount he or she considers a proper award and then adding such sums together and dividing that number by the number of jurors and making the result the amount to be awarded by the jurors in damages to the condemnee. This method of arriving at a verdict is illegal and improper and not to be followed by the jury in arriving at the amount to be awarded the condemnee in this case. You may, however, arrive at a quotient verdict and make that quotient your verdict provided you do not agree to be bound by the result of the quotient before you arrive at the quotient. You may arrive at a quotient verdict provided all the jurors [agree] that the sum is their verdict after they first determine what the quotient verdict would be."

Actual quotient verdicts are undisputedly improper. See *City of Columbus v. Ogletree*, 102 Ga. 293 (8) (29 SE 749) (1897); *Cromer & Thornton v. Underwood*, 64 Ga. App. 519 (3) (13 SE2d 860) (1941). However, charges such as the one given by the court in this case have been generally approved. See *Decker v. Hope*, 129 Ga. App. 553 (9) (200 SE2d 290) (1973). Although in *Dept. of Transp. v. Katz*, 169 Ga. App. 310, 314 (312 SE2d 635) (1983), we held that such a charge was improper in the context of a condemnation proceeding, our holding there turned on the fact that the jury had been instructed that they could "total up the separate figures or *vote of no damages*, as the case may be, of each juror" in arriving at an average. Id. at 314. (Emphasis supplied.) We concluded that "insofar as [such a charge] allows the jury to cast a vote of 'no damages' for the condemnee [it] is not adjusted to a condemnation case" and should not be given. Id. Because the charge at issue in the present case contained no such language, we hold that it did not constitute reversible error.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 12, 1989.

*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver, Smith & Welch, A. J. Welch, Jr.,* for appellant.

*John L. Watson, Jr.*, for appellee.