## A92A0264. COBB COUNTY v. PRINCETON ASSOCIATES.
### (421 SE2d 102)

ANDREWS, Judge.

Cobb County instituted condemnation proceedings to acquire property belonging to Princeton Associates for a road improvement project. The project required the construction of a raised concrete median to separate northbound and southbound lanes of traffic. The county paid $71,425 into the registry of the court, Princeton appealed the amount of the compensation and demanded a jury trial on the issue of damages. The case was tried and from the verdict for Princeton of $109,500, the county appeals.

1. In its first enumeration of error, the county claims that the trial court erred in overruling its motion in limine to exclude evidence of the impact of the raised median divider on the property as an item of compensable damage. The construction of the median prohibited customers from making left turns into and out of the property, as they were able to do before its construction. Princeton argued that because of the median, the lower level of the building, which had previously been rented as retail space, was only usable as office space.

At the outset, we note that in an action of this nature, the effect of the construction of a median on property is not an element of compensable damage. *Clark v. Clayton County*, 133 Ga. App. 171 (210 SE2d 335) (1974); *Dougherty County v. Snelling*, 132 Ga. App. 540 (208 SE2d 362) (1974); *Hadwin v. Savannah*, 221 Ga. 148 (143 SE2d 734) (1965). Princeton's reliance on *Circle K v. Dept. of Transp.*, 196 Ga. App. 616 (396 SE2d 522) (1990), in the instant context, therefore is misplaced.

Nonetheless, the trial court's denial of the motion in limine did not constitute harmful error. The court held a hearing on the motion before the trial of the matter began. At that time, the court stated: "I will overrule his motion in limine. I'll take another look at it if the evidence is offered." Appellant does not enumerate as error any subsequent specific evidentiary rulings.

"This does not amount to an overruling of the motion. [Cits.]" *Pirkle v. Hawley*, 199 Ga. App. 371 (10) (405 SE2d 71) (1991). "The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial." *State v. Johnston*, 249 Ga. 413 (3) (291 SE2d 543) (1982); see also *Morris v. Southern Bell Tel. &c. Co.*, 180 Ga. App. 145 (1) (348 SE2d 573) (1986); see generally *Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985). Accordingly, we find no error.

2. In its second enumeration, the county argues that the trial court erred in failing to direct a verdict in favor of appellant on the issue of consequential damages. Our review of the record shows that appellant's own expert testified regarding consequential damages. See

generally OCGA §§ 32-3-16 (b) (2); 22-2-109 (c); 22-2-137 (c). " 'One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing.' [Cits.]" *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706) (1990). Accordingly, there was no error in the trial court's denial of the motion for directed verdict.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

With respect to Division 1 of the majority opinion, appellant condemnor argues that the overruling of its motion in limine resulted in the admission of "testimony pertaining to the median and its impact on [appellee's] access," as a basis for consequential damages to condemnee's remainder. This court rules that the trial court did not overrule the motion so that, in effect, appellant did not preserve its objection to the admission of that evidence because it did not object when it was offered during the trial.

The court clearly overruled the motion; it said it did, thus making way for the evidence to be introduced. In fact, the movant expressly addressed the need for a ruling prior to trial. Although the court can refuse to decide admissibility before trial, if it decides to rule, as it did here, the ruling " ' "*controls* the subsequent course of action, unless modified at trial to prevent manifest injustice." ' *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-6 (260 SE2d 20) (1979)." *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543) (1982).

The court did not do what the trial court did in *Morris v. Southern Bell Tel. &c. Co.*, 180 Ga. App. 145 (1) (348 SE2d 573) (1986). There it did not deny the motion but rather refused to rule on it and stated that the movant would have to object as the evidence was offered. That manifestly puts the burden on the objector to raise the point in the context of the trial. The same clarity is evidenced in *Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985). The court declined to rule and instructed that admissibility would be decided during the course of the trial. This is in keeping with what is said in *Johnston*, supra at 415: "The trial court has an absolute right to refuse to decide the admissibility of evidence, . . . prior to trial." In *Pirkle v. Hawley*, 199 Ga. App. 371, 377 (10) (405 SE2d 71) (1991), the court did not rule on the motion but instead reserved ruling on admissibility and instructed movant to raise his objections at the time the evidence was solicited. Similarly in *Hicks v. State*, 175 Ga. App. 243 (1) (333 SE2d 113) (1985), the court reserved ruling on admissibility and informed counsel that each issue would be dealt with as it arose.

The court in this case did not refuse to decide; it decided ad-

versely to appellant, and the question of the admissibility of the evidence has been preserved for review. As in *Harley-Davidson, supra* at 286 (1), "[t]he trial court has been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes."

In this case, the trial court's adding to its ruling the statement "And I'll take another look at it if the evidence is offered" is ambiguous at best. It could put the movant on notice that the court would be willing to reconsider its ruling and modify it if movant still objects when the subject is broached in the course of the trial. Or it could mean that the court intends to reconsider its ruling at that crucial time, without any further action on movant's part because the court is already aware of the objection. In either event the overruling of the motion has occurred and, just as in *Johnston*, appellant is due our review of the admissibility of the evidence.

Since the appellant's own expert testified regarding loss of rents as consequential damages, the denial of the motion in limine and the admission of the evidence sought to be excluded were not reversible error.

DECIDED JULY 1, 1992 —
RECONSIDERATION DENIED JULY 21, 1992 —

*Awtrey & Parker, Dana L. Jackel, Linda W. Brunt*, for appellant.

*Moore & Rogers, John H. Moore, Sara J. Murphree*, for appellee.