## 63280. HEILMAN v. DEPARTMENT OF TRANSPORTATION.

QUILLIAN, Chief Judge.

This is an appeal by a lessee-condemnee from a condemnation award.

Appellant is a dentist specializing in child dentistry (pedodontics). In 1977 he established his practice on Fairburn Road in Douglasville as lessee of a building which had been extensively remodelled for a dental office to include built-in specialized dental office systems. Fairburn Road is one of the most heavily travelled roads in Douglasville and appellant is the only pedodontist in Douglas County.

Appellee condemned part of the property in May 1979 to widen Fairburn Road. This resulted in the destruction of appellant's office as the condemnation line went through the center of the building he occupied.

At a jury trial appellee's appraisers valued the property as to the lessor and the specialized dental fixtures in the building but concluded that appellant's lease, which had over two years to run, had no value. Appellant testified the lease had value to him because of the relatively advantageous rent and the highly desirable location, for which there was no fair market value. No other dental offices were available for rent anywhere in the Douglasville area. Appellant moved to a less desirable location in Douglasville and had the building outfitted as a dental office. He was permitted to testify that the move resulted in a loss of patients and profits in an amount in excess of $21,000 at the time of the trial, 21 months after the taking. However, he was not permitted to present evidence of the value of the leasehold to himself, or of the cost of duplicating at his new location the specialized dental equipment that had been built into the condemned property to make it into a dental office. A special master had awarded appellant $10,200. The jury returned verdicts for the

lessor and appellant lessee, awarding appellant $7,750. *Held:*

1. The principal complaint set forth in many enumerations is that the trial court consistently refused to consider the appellant's interest in the property unique, refused to admit evidence demonstrating uniqueness, and refused to instruct the jury on compensation for unique property, instructing them instead on the fair market value method of evaluation.

"Every person who has an established business . . . in a location which cannot be duplicated within the immediate area suffers a loss which is particular and unique to him and not shared by members of the general public dealing in such property and buying and selling it for profit. Market value is not necessarily just and adequate compensation to them, for market value presupposes not only a buyer willing to purchase but a seller willing to sell. If the property must be duplicated for the business to survive, and if there is no substantially comparable property within the area, then the loss of the forced seller is such that market value does not represent just and adequate compensation to him." *Housing Auth. v. Troncalli,* 111 Ga. App. 515, 518 (142 SE2d 93).

"[W]hen the business belongs to a separate lessee, the lessee may recover for business losses as an element of compensation separate from the value of the land whether the destruction of his business is total or merely partial, provided only that the loss is not remote or speculative. [Cit.] . . . business losses are recoverable as a separate item only if the property is 'unique.' [Cit.]

"The meaning of 'unique' is as set forth in *Housing Authority &c. of Atlanta v. Southern R. Co.,* 245 Ga. 229 (264 SE2d 174)." *D.O.T. v. Dixie Hwy. Bottle Shop,* 245 Ga. 314, 315 (265 SE2d 10).

"Actually the definition of uniqueness is very simple: Since valuing property at its 'fair market value' presupposes a willing buyer and a willing seller, properties are 'unique' such that fair market value will not afford just and adequate compensation when they are not a type generally bought or sold in the open market. [Cit.] In other words unique property is simply property which must be valued by something other than the fair market value standard." *Housing Auth. v. Southern R. Co.,* 245 Ga. 229 (1), 230 (264 SE2d 174).

"Whether or not property is unique is a jury question. [Cits.]" *D.O.T. v. Dixie Hwy. Bottle Shop,* 245 Ga. 314, 315, supra.

From the evidence of the character, location and use of the property by appellant and unavailability of comparable property in the area we find that the issue of uniqueness of the property was raised and should have been submitted by the trial court to the jury for decision. The trial court's charge to the jury was not adequate to do this.

Since the issue of the uniqueness of the property was raised, it was error to exclude appellant's testimony of the value of the leasehold to himself (*D.O.T. v. Brown,* 155 Ga. App. 622 (2) (271 SE2d 876); *DeKalb County v. Fulton Nat. Bank,* 156 Ga. App. 253 (1) (274 SE2d 649); *Allen v. Hall County,* 156 Ga. App. 629 (2) (275 SE2d 713)).

Therefore, the judgment must be reversed.

2. Appellant's counsel wanted to make a tender of proof to perfect the record on evidence which the trial judge had ruled out. The judge had indicated approval of counsel's suggestion that the tender of proof be made while the jury was deliberating. At the end of the second day of a three-day trial, after all the evidence was in and arguments concluded, the jury was excused for the night. At that time, without requesting permission of the judge, counsel called appellant to the stand and commenced making the tender of proof. The court asked counsel what he was doing, as he had ruled out such evidence. Counsel told him he was making a tender of proof. The judge said he was going home and left the bench. Counsel continued with the tender. The judge returned and told the court reporter to leave. Counsel thereupon began making a statement for the record. The judge sent for the sheriff. Counsel continued with his statement and tried to get the reporter to stay or to come in early the following morning. The judge then pronounced counsel in contempt.

Contrary to counsel's assertion that the contempt was error because the judge had expressly authorized the making of the tender at that time, the authorization was for the time the jury was deliberating, not when the court was recessed for the night. Counsel proceeded without leave of court and persisted in the face of the judge's obvious disapproval of making the tender at that time.

We find no error. Summary punishment for contempt was clearly authorized under Code Ann. § 24-105 (Ga. L. 1892, p. 65). See *Crudup v. State,* 106 Ga. App. 833 (129 SE2d 183).

3. The remaining enumerations are either resolved by the foregoing findings, are not meritorious, or are not likely to recur in further proceedings.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1982 —
REHEARINGS DENIED JUNE 14, 1982 —

*Donald Weissman,* for appellant.
*William J. Wiggins, Marion O. Gordon,* Senior Assistant Attorney General, *Michael E. Hobbs,* Assistant Attorney General,

for appellee.