A92A1635. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY et al. v. FUNK et al.
(426 SE2d 623)

BEASLEY, Judge.

Following a jury verdict and judgment in favor of condemnee Dr. Sidney A. Funk, condemnors Fulton County and Metropolitan Atlanta Rapid Transit Authority (MARTA) appeal.

1. The appeal is not rendered moot under OCGA § 5-6-48 (b) (3) by the condemnors' payment into the registry of the court the difference between the amount originally paid in and the amount of the judgment. See *Clayton County Water Auth. v. Harbin*, 192 Ga. App. 257 (1) (384 SE2d 453) (1989). Appellee Funk's motion to dismiss the appeal is denied.

2. The case involves the condemnation of a medical office condominium owned by Dr. Funk and leased by him to Sidney A. Funk, M.D., P.C., the professional corporation through which Dr. Funk practiced. The property, located in the vicinity of three hospitals, was condemned for the extension of a rapid rail line.

The issues at trial were (1) the amount of just and adequate compensation to be paid for the property, and (2) the amount of compensation, if any, to be paid for relocation expenses. At issue on appeal are three jury instructions.

Several witnesses testified as to the fair market value of the property. The experts for MARTA gave a range of $219,445 and $227,500; the condemnees and their experts placed the value of the property between $243,000 and $440,000.

Dr. Funk moved his practice to a space that was almost twice that of the condemned space. Although his professional corporation's rent at the condemned property was $17.50 per square foot per year, the rent at the new location was $21.50 per square foot per year. In addition to $70,850 of improvements paid for by the landlord, Funk testified to relocation and renovation costs which exceeded $100,000: $64,000 to build out the new space; $7,036 for equipment and installation of a new telephone system; $235 for wiring; $6,783.72 for new

furniture; $1,501.55 for stationery; $310 for stereo wiring; $15,000 for Funk's personal time associated with the move; $2,000 for artwork; $872.05 for moving expenses; and $3,213 in decorator's fees. On MARTA's objection, the condemnees withdrew evidence of the cost of new furniture, resulting in condemnees asking the jury for $94,441 in relocation costs. The lump sum of $310,000 was awarded for the property and relocation expenses, without allocation.

(a) MARTA and Fulton County point to error in charging the jury that it could award condemnees relocation expenses without instructing the jury that it must first find that the property was unique under one of the three uniqueness tests authorized by Georgia law.

Appellants objected to the trial court's failure to charge that condemnees could not recover relocation expenses unless they proved that the property involved was unique. They also objected to the court's modification of their request to charge that if the jury found the property to be unique, it could then award reasonable relocation expenses.

The court instructed the jury that fair market value normally was the measure for determining the value of the acquired property and that it might not consider any unique or peculiar value of the property to the owner as a yardstick for measuring the property value unless the evidence showed that the unique or peculiar value to the owner was not the same as the fair market value. The court then instructed the jury on three alternate theories for determining whether property is unique and that it could award "compensation for those relocation expenses that were reasonably necessary for the condemnee to relocate to another site." The court continued: "You may not award compensation nor any relocation expenses that you find to be unreasonable or unnecessary to place the owner back into substantially the same monetary condition that he was in prior to the taking. In other words, defendant seeks to recover here certain expenses for relocation. You will have to look at the circumstances here and see how much it will cost him to relocate and be in substantially the same position he was in prior to the taking of his property. Obviously, if you give him more than that, you would take it from the condemnees; and if you give him less than that, he would suffer a loss of his property with respect to that. It's a jury question then as to what is a compensation for relocation, and that's a jury question. You may consider that along with the fair market value of the property in trying to determine just and adequate compensation in this case."

Thus, although the trial court did charge the jury on the question of uniqueness in regard to the value of the property, it did not do so in regard to the condemnees' relocation expenses. Was an instruction on finding uniqueness prior to determining relocation expenses necessary?

Appellants maintain that although the issue has not been squarely addressed by the appellate courts, *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) (1966), implicitly requires that the recovery of relocation expenses, like business damages, be predicated on proof that the property is in some way unique. In *Bowers*, it was determined that relocation expenses might be awarded in connection with the condemnation of real estate upon which an established business operated. The land which contained an office building was condemned. At trial, the court refused to instruct the jury that lost profits, business losses, and reasonable relocation expenses could each be recovered separately from the amount awarded to the condemnee for the value of the real estate. The Supreme Court held that charges on these issues should have been given. Id. at 738.

*Bowers* does not mandate that evidence of uniqueness of the property be shown before relocation expenses are allowable.[1] Neither does *Bowers* require that business losses or lost profits be proved by showing that the property is unique, although such requirements were added in subsequent cases.

We note that proof of uniqueness is not required for administrative, as opposed to judicial, recovery of relocation expenses under OCGA § 32-8-1 et seq.

Confusion over the uniqueness issue may arise from cases in which the condemnee sought recovery for both relocation and business losses; the present condemnees seek only compensation for relocation expenses. In *Heilman v. Dept. of Transp.*, 162 Ga. App. 547 (290 SE2d 189) (1982), a dentist's office was condemned for the expansion of a road. While the dentist, who leased the office, was permitted to testify that the move of his business resulted in a loss of patients and profits, he was not allowed to present evidence of the value of the leasehold to himself or of the cost of duplicating at his new office the specialized dental office equipment built into the condemned space. *Heilman* focused not on relocation expenses, but on how the property should be valued, i.e., whether the jury should have been allowed to determine the uniqueness of the property. It was within this context that *Heilman* quoted, inter alia, *Department of Transp. v. Dixie Highway Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980), which held that " 'business losses are recoverable as a separate item only if the property is unique.' " *Heilman* found it error to exclude the evidence on uniqueness and to exclude the dentist's testimony of the value of the leasehold to himself. *Heilman*, supra at 548.

Although the Court in *Heilman* concluded that business losses

---

[1] Pursley, Georgia Eminent Domain, § 9-2 at 217 (1982), states that property must be unique before a business owner can recover for relocation expenses, but no citation of authority is given.

were recoverable only if the property in question was unique, such "business losses" apparently did not include costs associated with relocating a business. This distinction was clearly made in *Bowers*, which distinguished business losses such as profits, and loss of customers from relocation expenses. *Bowers*, supra at 734-738.

In *Department of Transp. v. Lewyn*, 168 Ga. App. 283 (308 SE2d 684) (1983), a lessee of commercial property decided to move her store after a condemnation eliminated most of the front parking spaces and reduced the store visibility to passing traffic. Relocation expenses were sought for having to modify the new working space and for having to buy a larger business sign. The Court held that these "renovation" costs were proper relocation costs, and that they were recoverable as a part of the lessee's just and adequate compensation. The Court also noted that the condemnee was "required to have somewhat unique floor arrangements to accommodate" workspace requirements, although it did not expressly state that a condemnee's unique business needs would determine whether it would receive relocation expenses.

The policy reason for allowing relocation expenses for established businesses is that "a business is an incorporeal property right for which compensation must be paid, and when the business location is taken, all damages to the business, including relocation expenses, may be recovered in addition to the value of the property itself." Pursley, Ga. Eminent Domain, § 9-2 at 217 (1982), *citing Bowers*, supra; *State Hwy. Department v. Clark*, 123 Ga. App. 627 (181 SE2d 881) (1971). Whether or not the business property is unique has no bearing on the recoverability of relocation expenses.[2]

Here, condemnees claimed nearly $95,000 in relocation expenses. Some of the appraisals as to the fair market value of the property itself exceeded the amount awarded, so it is unclear how much of the jury award, if any, was for this item. In any event, the trial court was not required to instruct the jury that it had to find the condemned property to be unique in order to award relocation expenses.

(b) Fulton County and MARTA contend that the court erred in instructing the jury to award relocation expenses in an amount such that the condemnee doctor would "be in substantially the same position he was in prior to the taking of his property." See Division 1, supra, for a more complete recitation of the charge.

Appellants argue that by such language, the trial court essentially directed a verdict in favor of condemnees on every expenditure made by them in relocating the business, as it authorized the jury to indem-

---

[2] Relocation expenses for residential property are not recoverable as a separate element because such are merely "personal expenses." *City of Gainesville v. Chambers*, 118 Ga. App. 25 (162 SE2d 460) (1968).

nify condemnees for all relocation expenses in order to return them to substantially the same position they were in prior to the taking. They urge that such a charge is especially inappropriate where, as here, the condemnees relocated into a larger space.

Appellants rely on *Housing Auth. &c. of Decatur v. Schroeder*, 222 Ga. 417 (151 SE2d 226) (1966). That condemnee was seeking compensation not just for the fair market value of the land, but also for the value of the rentals which were lost because of the *pending* condemnation. She claimed that the condemnation did not occur on the actual date of condemnation, but had essentially occurred some time earlier when the condemnee began losing rentals as a result of the pending condemnation.

This just and adequate compensation meant putting the landowner as nearly as possible back in the same monetary position as before seizure. Based on this, it concluded that the condemnor could not depress the value of land by signs causing the public to believe the land had already been taken, or by public announcements indicating imminent seizure, so as to deprive the owner of the property's normal use, and then contend that the depressed value was the true value on the formal date of taking. It was determined that the loss of income due to imminent condemnation could be considered in arriving at just and adequate compensation.

The Supreme Court reversed, holding that it was error to instruct a jury that "they could find the fair market value of the property as of a date other than that of the actual taking." Id. at 420. It did not directly address or oppose the expressed principle that just and adequate compensation meant putting a condemnee back in substantially the same monetary position that he was in prior to the taking.

The United States Supreme Court has stated that a condemnee "is entitled to be put in as good a position pecuniarily as if his property had not been taken. He must be made whole but is not entitled to more." *Olson v. United States*, 292 U. S. 246, 255 (54 SC 704, 78 LEd 1236) (1934).

The instruction challenged here merely explains the goal of "just and adequate compensation." The condemnors' concern is that if the words of the trial court were followed precisely, the jury might have awarded the condemnees *all* relocation costs, so as to put them in the same monetary condition as before the taking. However, examining such language in the context of the entire charge, as it should be examined, see *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 129 (5) (419 SE2d 48) (1992), it authorizes the jury to award only those relocation costs which would have been incurred by moving to similar, rather than larger, space. Given the amount of the judgment, it appears that this is the context in which the jury considered the relocation expenses, in that they were not all awarded. The judgment

was less than some of the fair market value appraisals alone, exclusive of any relocation costs.

Although the trial court arguably could have chosen its words more artfully, the complained-of language, when taken together with the rest of the charge, did not mislead the jury.

(c) Appellants contend that the court erred in instructing the jury that the property was unique if the owner had to make any modifications to the facility for his business, i.e., that the court indirectly directed a verdict on the issue of uniqueness.

At the request of condemnors, the three recognized tests for determining whether property is unique, pursuant to *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (309 SE2d 816) (1983), were given. The court also charged, "property may be peculiar or unique, may have peculiar or unique value when the property must be duplicated for a business to survive and there is no substantially comparable property within the area. In other words, if a business owner owns a piece of property, and in order for him to continue to operate he has to duplicate that simply because there are no others exactly like his, has to modify whatever facility or build some other facility, he has peculiar needs he has in order for his business to survive as it did before."

Condemnors maintain that the second sentence of the instruction is an inaccurate statement of the law, in that it impermissibly expands the test of uniqueness to allow recovery where there is no property "exactly like" rather than "no substantially comparable property." They claim harm because there were a number of substantially comparable places in the area for relocation of Dr. Funk's practice and because Funk made modifications to raw office space.

It is questionable that condemnees sought unique value rather than fair market value. While there was mention of the issue of uniqueness in argument, there was not a formal request for such a charge by the condemnees nor was such a charge required in order to recover the relocation expenses. Under such view, the instructions on uniqueness were surplusage and no harm could have occurred by reason of even an incorrect charge on the issue. Charging the jury on the question of uniqueness was favorable to condemnors MARTA and Fulton County because it added an unnecessary factor for condemnees' just and adequate compensation and relocation expenses. Even an erroneous jury charge is not a cause for reversal when such charge is favorable to the complaining party. See *Kaminsky v. Blackshear*, 108 Ga. App. 492, 494 (2) (133 SE2d 441) (1963).

*Judgment affirmed. Birdsong, P. J., concurs. Andrews, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo L. Meeks, Elizabeth E. Long, Susan B. Forsling*, for appellants.
*Peek & Whaley, James G. Peek, J. Corbett Peek, Jr.*, for appellees.