S93G0579. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY et al. v. FUNK et al.
(435 SE2d 196)

Carley, Justice.

In a total taking, property owned by appellee-condemnee Dr. Sidney A. Funk and leased to appellee-condemnee Sidney A. Funk, M.D., P.C. (Corporation) was condemned by appellant-condemnors Metropolitan Atlanta Rapid Transit Authority and Fulton County. After the taking, the medical practice was moved to newly leased premises. No loss of business was experienced as the result of this move, but relocation expenses were incurred. The issue of just and adequate compensation was tried before a jury. Condemnors appealed from the judgment entered on the jury's verdict, enumerating as error certain charges given by the superior court in connection with the recovery of relocation expenses. The Court of Appeals, finding no error, affirmed. *MARTA v. Funk*, 206 Ga. App. 868 (426 SE2d 623) (1992). A writ of certiorari was granted in order to review the holding of the Court of Appeals that the jury charges were not erroneous.

The superior court charged the jury that it could award relocation expenses in an amount such that a condemnee "would be in substantially the same position he was in prior to the taking of his property."

This is an erroneous statement of the law. Relocation expenses are *not* awarded so as to put a condemnee in substantially the same position he was in prior to the taking of his property. "[P]rivate property shall not be *taken or damaged* for public purposes without just and adequate compensation being first paid." (Emphasis supplied.) Art. I, Sec. III, Par. I (a) of the Ga. Const. of 1983. Just and adequate compensation for the real property that is *taken* is certainly intended to put a condemnee in substantially the same financial position that he was in prior to the taking. However, relocation expenses are awarded, as a separate element of just and adequate compensation, for the *damages* a condemnee incurs in the form of the cost of moving his existing business which was not taken in the condemnation but which was dispossessed thereby. Our Constitution

allows the owner of a building where he conducts a business enterprise which is taken under the power of eminent domain to recover of the condemnor, as independent items, *damages* to his business caused by the necessity of removing the same to another location and the expenses incident to such removal.

(Emphasis supplied.) *Bowers v. Fulton County*, 221 Ga. 731, 736 (2) (146 SE2d 884) (1966).

The error was not harmless in the instant case. There was evidence of expenses incurred in an extensive *renovation* of the new premises to which the medical practice had moved after the condemnation. These *renovation* expenses would *not* be recoverable as *relocation* expenses by either Dr. Funk or the Corporation. In charging the jury that it could award relocation expenses in an amount such that a condemnee "would be in substantially the same position he was in prior to the taking of his property," the superior court may have fostered the erroneous impression that all or a portion of the non-recoverable renovation costs could be awarded as recoverable relocation expenses.

Dr. Funk owned the real property, but the Corporation owned the medical practice being conducted thereon. Since Dr. Funk owned the real property, but not the medical practice, he could recover *nothing* in connection with the costs incurred in relocating the medical practice. When the real property was condemned, Dr. Funk was entitled to just and adequate compensation for the taking of *that* real property. However, Dr. Funk was certainly *not* entitled to any *additional* recovery for the costs incurred in renovating the new premises to which the Corporation's medical practice had been moved. His recovery of any costs incurred in connection with the renovation of newly purchased property would be a recovery of "damages" that did not result from the condemnation. The condemnation affected Dr. Funk only to the extent that his property was actually taken, not to any extent that costs were voluntarily incurred in renovating newly purchased property. He could use his just and adequate compensation from the taking of his property as purchase money for new property, but an owner's recovery of *both* just and adequate compensation for his condemned property *and* the amounts expended for his renovation of new property would be an unauthorized *double* recovery. He would recover once for the value of his property that was taken and again for the costs of making newly purchased property more valuable. If the condemned real property is "unique," that "uniqueness" is to be reflected in the owner's recovery of just and adequate compensation for the taking thereof. An owner, having already recovered just and adequate compensation for his condemned property, cannot *also*

recover, as a separate element of just and adequate compensation, the costs voluntarily incurred in making newly purchased property "unique."

As the lessee of the condemned premises and the owner of the medical practice, the Corporation would be entitled to just and adequate compensation for the value, if any, of its leasehold and, as a separate element of compensation, the costs of relocating its business. However, recoverable relocation costs would *not* include the costs of renovating any newly leased business premises. When a leasehold is condemned, the lessee does not lose the value of the improved property. The value of the improved property is lost to the lessor who owned it and who is compensated therefor. The lessee loses only the *use* of the improved property for a specified time at a set amount of rent. The improvements provided to and enjoyed by a lessee is obviously reflected in the value of his leasehold.

> The correct measure of damages for the loss of use of leased property is the diminution in the *market value* of the leasehold during the remainder of the unexpired term of the lease, less any rents to be paid by the lessee.

(Emphasis supplied.) *McGhee v. Floyd County*, 95 Ga. App. 221, 222 (2) (97 SE2d 529) (1957). If comparably improved property can be leased only for a greater amount of rent, the condemned leasehold has value. If comparably improved property can be leased for the same or a lesser amount of rent, the condemned leasehold has no value. Thus, if the Corporation's leasehold had any value, it was because comparably improved property could not be leased for a comparable amount of rent. The difference between the greater amount of rent for the use of comparably improved property and the lesser amount of rent for the use of the condemned leasehold would constitute the Corporation's recoverable lost value of its leasehold. The Corporation could use the just and adequate compensation for the lost value of its condemned leasehold to defray the greater rent at comparably improved newly leased premises or to renovate non-comparably improved premises leased for a lesser amount of rent. The Corporation's recovery of any costs incurred in connection with the renovation of newly leased premises would, however, be a recovery of "damages" that did not result from the condemnation. Other than the costs of moving its business to a new location, the Corporation was affected by the condemnation only to the extent that its leasehold was actually taken, not to any extent that costs were voluntarily incurred in renovating newly leased business premises. A lessee's recovery of *both* just and adequate compensation for the value of his leasehold *and* the amounts expended for his renovation of newly leased premises would

be an unauthorized *double* recovery. He would recover once for the value of his leasehold that was taken and again for the costs of making newly leased business premises more valuable. If the condemned leasehold has any value, that value is to be reflected in the lessee's recovery of just and adequate compensation for the taking thereof. A lessee, having already recovered the value of his condemned leasehold, cannot *also* recover, as a separate element of just and adequate compensation, the cost incurred in making newly leased premises more valuable. To the extent that *Heilman v. Dept. of Transp.*, 162 Ga. App. 547, 548 (1) (290 SE2d 189) (1982) and *Dept. of Transp. v. Lewyn*, 168 Ga. App. 283, 285 (2) (308 SE2d 684) (1983) hold to the contrary, they are erroneous and must be overruled.

> It cannot be denied, that just and adequate compensation must be just and adequate to the owner and to the condemning authority, as well. Justice is no more done in the case of *over*payment than in the case of *under*payment.

(Emphasis in original.) *Dept. of Transp. v. Gunnels*, 255 Ga. 495, 498 (3) (340 SE2d 12) (1986) (Weltner, J., concurring). The owner of a business who receives just and adequate compensation for his interest in the real property, for his business losses, if any, and for his relocation expenses, if any, is fully compensated for all the consequences suffered as the result of a condemnation. He is paid for his interest in the real property which was taken, indemnified for the damage to his separate business interest, and reimbursed for the " 'expense of removing his equipment, fixtures and supplies from the building sought to be condemned. . . .' " *Bowers v. Fulton County*, 221 Ga., supra at 736 (2). When thus compensated, he can buy or lease new premises and continue to operate his business as before, having been paid for what he actually lost and reimbursed for the costs of moving what was not taken in the condemnation. An additional recovery of renovation expenses, in the guise of relocation expenses, would constitute an overpayment. A condemnor is not required to pay just and adequate compensation for a property interest that was taken *and* additional compensation for improvements to the condemnee's newly purchased or leased premises.

> "Just and adequate compensation" should be a two-way street. The public should not expect to finance its improvements by the expropriation of private property. Nor should any citizen expect to be *enriched* (as opposed to *compensated*) from the public treasury.

(Emphasis in original.) *Dept. of Transp. v. Gunnels*, 255 Ga. 495, 500 (6) (Weltner, J., concurring).

Although it was authorized to award *relocation* expenses to the Corporation, the jury in the instant case may have erroneously awarded *renovation* expenses to either Dr. Funk or the Corporation. A simple write-off is not possible because the extent to which the jury's verdict includes an erroneous award of renovation expenses cannot be determined. The jury's verdict was in a lump sum amount in favor of both Dr. Funk and the Corporation and was, therefore, unallocated as between them or as between the various components of just and adequate compensation. Accordingly, a new trial must be held, wherein the jury will not be charged that it can award relocation expenses in an amount such that a condemnee "would be in substantially the same position he was in prior to the taking of his property."

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 4, 1993.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo Lanier Meeks, Susan B. Forsling,* for appellants.

*Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek,* for appellees.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Dwyer & White, J. Matthew Dwyer, Jr., Anne W. Sapp,* amici curiae.