A93A1876. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al. v. MOBASSER.
(441 SE2d 441)

COOPER, Judge.

Appellants/condemnors, MARTA and Fulton County, condemn-

ed certain property owned by appellee/condemnee for MARTA's rapid rail system. The jury awarded appellee $428,400 as just and adequate compensation for the property taken and an additional $35,016.40 as removal and moving expenses. The trial court entered judgment on the jury's verdict, and appellants appeal, enumerating as error two of the court's charges to the jury.

1. Appellee has moved to dismiss the appeal on the ground that appellants failed to pay into the registry of the court the difference between the amount originally paid into court and the amount of the judgment. "When private property is taken . . . for public road or street purposes *or public transportation purposes* . . . just and adequate compensation therefor need not be paid until the same has been finally fixed and determined as provided by law." Art. I, Sec. III, Par. I of the Ga. Constitution of 1983. "It is not a condition precedent that the increased compensation be paid before moving for a new trial or before appealing from the judgment on the verdict or from the denial of a new trial." *Dougherty County v. Snelling*, 132 Ga. App. 540, 542 (208 SE2d 362) (1974), overruled on other grounds in *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358 (227 SE2d 362) (1976). Contrary to appellee's argument, nothing in *MARTA v. Funk*, 206 Ga. App. 868 (426 SE2d 623) (1992), reversed by *MARTA v. Funk*, 263 Ga. 385 (435 SE2d 196) (1993), persuades us otherwise. In that case, we merely noted that the payment into the court registry of the difference between the amount originally paid in and the amount of the judgment did not subject the appeal to dismissal on the grounds of mootness. Accordingly, appellee's motion to dismiss is denied.

2. Appellant first contends that the trial court erred in its re-charge to the jury. Appellee testified that he incurred numerous relocation expenses totalling over $34,000, which amount included an expense of $23,905 to build out his new office space. In its charge to the jury, the trial court instructed that relocation and moving expenses were recoverable as part of the just and adequate compensation, but that relocation expenses were not recoverable unless the property involved in the condemnation was unique. The verdict form which went out with the jury included a space for the jury to award an amount for "removal and moving" expenses. During its deliberations, the jury sent a note to the judge which read, in relevant part, as follows: "For the second item, removal and moving expenses, what does removal mean? Does this include compensation for build-out cost?" The judge then re-charged the jury on relocation expenses but did not include in the re-charge that the property involved had to be unique in order to recover those expenses. Appellant argues that the court's re-charge was incorrect and misleading because it did not inform the jury that the property had to be unique. "If the condemned real property is 'unique,' that 'uniqueness' is to be reflected in the owner's recovery of

just and adequate compensation for the taking thereof." *MARTA v. Funk*, supra at 263 Ga. 386. "[R]elocation expenses are awarded, as a separate element of just and adequate compensation, for the *damages* a condemnee incurs in the form of the cost of moving his existing business which was not taken in the condemnation but which was dispossessed thereby." Id. at 385. We conclude that the issue of uniqueness is not related to the recovery of relocation expenses; therefore, the trial court's re-charge was a correct statement of the law.

3. Appellant also contends that the trial court erred in charging the jury as follows: "Now, I charge you then that just and adequate compensation for the taking of a person's property means putting the deprived property owner as nearly as possible back in the same monetary position as the property owner was before the condemnation of the property. In other words, trying to put the person — sometimes we say here to make the person whole again, putting them in the same position monetarily as they were before." Appellant argues that the charge was erroneous and misleading to the jury. We disagree. In *MARTA v. Funk*, supra at 385, the Supreme Court stated that "[j]ust and adequate compensation for the real property that is *taken* is certainly intended to put a condemnee in substantially the same financial position that he was in prior to the taking." We find no error with the trial court's charge.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

Decided February 10, 1994 —
Reconsideration denied March 3, 1994 — ■

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo L. Meeks, Susan B. Forsling,* for appellants.

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek,* for appellee.