S94A0938. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY et al. v. LEIBOWITZ et al.
(448 SE2d 435)

CARLEY, Justice.
In a total taking, business property was condemned by appellant-Condemnors. The issue of appellee-Condemnees' just and adequate compensation was tried before a jury. Condemnors appealed to the Court of Appeals from the judgment entered on the jury's verdict. The eight judges on the Court of Appeals who participated were equally divided as to affirmance or reversal based upon the resolution of one enumeration of error. Accordingly, the case was transferred to this court pursuant to Art. VI, Sec. V, Par. V of the Ga. Const. of 1983.

1. Condemnor's relevant enumeration of error states:

[t]he trial court erred in charging the jury that it could
award relocation expenses, including the costs to build out a
new replacement facility, without instructing the jury that
[it] must first find that the property taken is unique under
one of three uniqueness tests authorized by Georgia law.

As a separate element of just and adequate compensation, our Constitution allows the owner of a business located on condemned property to recover "damages to his business caused by the necessity of removing the same to another location and the expenses incident to such removal." *Bowers v. Fulton County,* 221 Ga. 731, 736 (2) (146 SE2d 884) (1966). "However, recoverable relocation costs would *not* include the costs of renovating any newly [acquired] business premises." (Emphasis in original.) *MARTA v. Funk,* 263 Ga. 385, 387 (435 SE2d 196) (1993).

Insofar as recoverable relocation expenses are concerned, "the issue of uniqueness is not related [there]to . . . ." *MARTA v. Mobasser,*

212 Ga. App. 260, 262 (2) (441 SE2d 441) (1994). "*Bowers* does not mandate that evidence of uniqueness of the property be shown before relocation expenses are allowable." *MARTA v. Funk*, 206 Ga. App. 868, 870 (2) (a) (426 SE2d 623) (1992), reversed on other grounds, 263 Ga., supra. A showing of "uniqueness" is a prerequisite to a business owner's recovery of business losses as a separate element of just and adequate compensation. *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980). "Uniqueness" may also be relevant in determining the amount of just and adequate compensation to be paid the owner of the property for the taking thereof. "If the condemned real property is 'unique,' that 'uniqueness' is to be reflected in the owner's recovery of just and adequate compensation for the taking thereof." *MARTA v. Funk*, 263 Ga., supra at 386. However, "[w]hether or not the business property is unique has no bearing on the recoverability of relocation expenses." *MARTA v. Funk*, 206 Ga. App., supra at 871 (2) (a).

Accordingly, the "costs to build out a new replacement facility" are never recoverable as relocation expenses and the recovery of such relocation expenses as are authorized is never dependent upon a showing of "uniqueness." It follows that there is no merit in Condemnors' contention that the trial court erred in failing to charge the jury that a finding of "uniqueness" is a prerequisite to an award of "relocation expenses, including the costs to build out a new replacement facility. . . ."

2. The scope of review in this appeal is limited to the trial court's failure to include a charge on "uniqueness" in connection with the recoverability of relocation expenses. See *Irvin v. Askew*, 241 Ga. 565, 566 (2) (246 SE2d 682) (1978); *Foskey v. Kirkland*, 221 Ga. 773-774 (1) (147 SE2d 310) (1966); *Heath v. L. E. Schwartz & Son, Inc.*, 199 Ga. App. 452, 455 (405 SE2d 290) (1991); *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223, 224 (372 SE2d 493) (1988).

This court having resolved the enumeration of error upon which the Court of Appeals was evenly divided as to affirmance or reversal, the case is hereby returned to that court for consideration of Condemnors' remaining enumeration of error. *Garland v. State*, 263 Ga. 495, 497 (2) (435 SE2d 431) (1993). However, if the Court of Appeals' disposition of that remaining enumeration of error results in a new trial, the trial court should not give a charge to the effect that the costs of renovating new premises would be recoverable as relocation expenses. See *MARTA v. Funk*, 263 Ga., supra.

*Returned to the Court of Appeals. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo Lanier Meeks, Susan B. Forsling,* for appellants.

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek,* for appellees.