A93A1872. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al. v. LEIBOWITZ et al.
(457 SE2d 827)

BIRDSONG, Presiding Judge.

After this court, sitting as a body, divided equally on the disposition of this case, the appeal was transferred to the Supreme Court in accordance with Art. VI, Sec. V, Par. V of our Constitution of 1983. Our Supreme Court, having resolved the issue of the scope of appellate review on which this court was divided equally, has now returned the appeal to this court for disposition of the remaining enumerations of error. *MARTA v. Leibowitz*, 264 Ga. 486, 487 (2) (448 SE2d 435).

The Metropolitan Atlanta Rapid Transit Authority and Fulton County (collectively MARTA) appeal from a judgment in favor of

Henry E. Leibowitz, Alan J. Lease, and Leibowitz and Lease, D.D.S., P.A., in a total taking condemnation case. Drs. Leibowitz and Lease jointly owned the condominium which was leased to Leibowitz and Lease, D.D.S., P.A., to conduct a dental practice.

MARTA contends the trial court erred by charging the jury that relocation expenses, including costs of renovating the replacement facility, might be awarded without also instructing the jury that they must first find that the property taken was unique under Georgia law. MARTA also contends the trial court erred by admitting evidence of the cost of new personal property for the replacement facility. *Held*:

1. Appellees have moved to dismiss the appeal because MARTA has not paid into court the difference between the amount originally tendered and the amount of the judgment. This contention is based on this court's holding in *MARTA v. Funk*, 206 Ga. App. 868 (426 SE2d 623) (*Funk I*), rev'd on other grounds, *MARTA v. Funk*, 263 Ga. 385 (435 SE2d 196) (*Funk II*), that the payment of the judgment into court did not render that appeal moot. Appellees assert that under *Funk I* either the payment is required (and thus payment is a precondition for appeal), or if payment is voluntarily made, the appeal becomes moot under OCGA § 5-6-48 (b).

Although our law once required such payments in appeals from judgments based on jury verdicts for amounts exceeding the original payment or tender to the condemnee because of the "first paid" requirement of our State Constitution (see *Paulk v. Ga. Power Co.*, 231 Ga. 721, 722 (204 SE2d 154); *City of Gainesville v. Loggins*, 224 Ga. 114, 117 (160 SE2d 374)), after ratification of Art. I, Sec. III, Par. I (b) of the Georgia Constitution of 1983, this requirement no longer exists because public transportation cases were added to the categories of condemnation cases for which payment is not required until the amount is finally fixed and determined by law. See *Dougherty County v. Snelling*, 132 Ga. App. 540, 541-542 (208 SE2d 362), overruled on other grounds, *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358, 365 (227 SE2d 362); *State Highway Dept. v. Howard*, 119 Ga. App. 298, 301 (167 SE2d 177). Accordingly, payment of the excess amount is not a precondition to maintaining an appeal and, therefore, appellees' motion is denied.

2. The general principles regarding recovery of relocation and renovation expenses involved in this appeal are controlled by our Supreme Court's decisions in *MARTA v. Leibowitz*, supra at 486-487 (1), and *Funk II*, supra at 386-387. Although condemnees are entitled to just and adequate compensation for property taken by condemnation, to damages to their separate business interests, and to recovery of relocation expenses incurred in moving businesses, they are not entitled to expenses for renovation of the new facility to which they moved their practice. Id. Because of the specific errors asserted in this

appeal, however, reversal is not required. *MARTA v. Leibowitz,* supra at 487 (2). Nevertheless, we reiterate: In condemnation cases, trial courts *should not* give a charge to the effect that the costs of renovating new premises would be recoverable as relocation expenses.

3. In accordance with our Supreme Court's decision in this case, appellate review in this appeal is limited to the error in the charge enumerated by MARTA and we are not free to consider other errors which were not enumerated. *MARTA v. Leibowitz,* supra at 487 (2). This enumeration of error contends only that the trial court erred by charging the jury it could award relocation expenses, including costs to build out the replacement facility, without also charging that the jury must first find the property taken was unique under Georgia law; as this is not a correct statement of the law, the trial court did not err by giving a charge without including the erroneous concept of uniqueness. Id. at 487 (1); *Funk I,* supra at 871; *Funk II,* supra at 386-387.

4. MARTA's second enumeration of error contends "the trial court erred in admitting as evidence of 'relocation expenses' the cost to purchase new personal property for use in a replacement facility." Although an objection based on the principle that evidence concerning expenses of renovating a new facility was not relevant would have merit (see *MARTA v. Leibowitz,* supra at 487 (1); *Funk II,* supra at 386)), the transcript shows that no timely objection was made on this or any other basis. Instead, Dr. Leibowitz was permitted to testify about these costs without objection, and was cross-examined at length about these items. MARTA then moved to strike the testimony of Dr. Leibowitz because he sought compensation for personal property.

As this objection focused solely on the property as personalty and raised no issue of relocation expenses, MARTA did not pose a timely objection at trial to the admission of this evidence on the specific grounds now asserted in its enumeration of error and argued in its brief. Under these circumstances, there is nothing for us to review. *Dairyland Ins. Co. v. McIntosh,* 171 Ga. App. 782, 783-784 (321 SE2d 110). Moreover, a motion to strike cannot be used to strike testimony that was admitted without contemporaneous objection. See *Guthrie v. Bank South, Douglas,* 195 Ga. App. 123, 126 (393 SE2d 60). Compare *Mable v. State,* 261 Ga. 379, 381 (405 SE2d 48). Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Pope, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. Andrews, J., not participating.*

DECIDED MAY 8, 1995.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo L. Meeks, Susan B. Forsling,* for appellants.

*Peek & Whaley, James G. Peek, J. Corbett Peek, Jr.,* for appellees.